```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                           BECKLEY

SYLVESTER BOOKER,

          Petitioner,

v.                                    Case No. 5:06-cv-01060

CHARLES T. FELTS, Warden,
FCI Beckley,

          Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (docket sheet document # 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND

Petitioner is presently incarcerated at the Federal Correctional Institution at Beckley, West Virginia ("FCI Beckley"), serving a 180-month sentence for his conviction in the United States District Court for the Eastern District of Virginia on one count of conspiracy to possess with intent to distribute quantities of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846. According to the petition, Petitioner arrived at FCI Beckley on

August 17, 2005, where he was housed at the prison's minimum security camp. On August 27, 2005, Officer M. Cutright conducted a routine search of Petitioner's locker during which he discovered some eggs and cooking oil, which were considered to be contraband. Officer Cutright questioned Petitioner about the items and a dispute took place. According to Petitioner, Officer Cutright "verbally assaulted" him, cursed at him and threatened to lock him up. Officer Cutright then searched Petitioner and told him to pack up his personal belongings because he was going to the Special Housing Unit ("SHU").

Petitioner was escorted to the Lieutenant's Office inside the secure perimeter of FCI Beckley. Petitioner asserts that Officer Cutright threatened to charge Petitioner with assault and "take his camp status." Petitioner further asserts that he was twice strip-searched and then placed in the SHU, pending a disciplinary hearing.

The petition further states that, on August 28, 2005, Petitioner was given written notice of the charge against him via an incident report, which charged him with violations of Code 203 and 312, "threatening another with bodily harm" and "insolence toward a staff member." Specifically, the incident report, which was prepared by Office Cutright stated:

> On August 27, 2005 at approx 6:15 pm, while trying to informally resolve an incident with inmate Booker (49946-019), Inmate Booker in a very aggressive and loud voice stated "Fuck this, I have been down to[o] long and have

> to[o] much time to do to put up with this shit.  I have
> five more years and I'll take care of you when I get
> out." Inmate Booker stated this in a very threatening
> manner, and I felt threatened when he said it.

(# 1, Ex. 2).

The incident report was referred to Petitioner's Unit Team Disciplinary Committee ("UDC").  On August 30, 2005, Petitioner appeared before the UDC.  Petitioner's response to the incident report states: "They are lying.  All of them are lying.  Cutright started cursing me and threatened to assault me.  The whole unit could hear this."  (Id.)  The issue was then referred to a Disciplinary Hearing Officer ("DHO").  Petitioner was advised of his rights, was able to request a staff representative and was able to request witnesses to testify on his behalf.

However, the two inmates whom Petitioner requested as witnesses were housed in the prison camp and could not enter the secured confines of the medium security prison.  Thus, Petitioner's staff representative, Mrs. Leslie, took written statements from the inmates, Lavander Duncan and Victor Pacheco.  Duncan's statement stated that he "heard an Officer and inmate having an argument" and that "he heard Officer Cutright tell inmate Booker to step back out of the cube because he could charge him with an assault charge." (# 1, Ex. 3 at 2).  Inmate Pacheco, who was Petitioner's roommate, simply stated that he went to find Petitioner when Officer Cutright was in their cube, and that he did not go back into the cube after Petitioner arrived.  (Id., Ex. 3 at 3).  Both of the inmates'

statements had a question added in someone else's handwriting, which stated: "Did you ever hear Officer Cutright be verbally abusive to inmate Booker. Inmate replied 'No.'" (Id., Ex. 3 at 2-3).

On September 8, 2005, Petitioner appeared before the DHO and stated that the incident report was not true. Petitioner asserts that, at that hearing, he was shown, for the first time, statements prepared by Lieutenant P. Hickey and Senior Officer M. Toney. Senior Officer Toney's statement stated:

> On 27 August 2005, at approximately 6:13 pm, I escorted inmate Sylvester Booker from the front lobby to the Lieutenant's office. In an attempt to informally resolve an incident that occurred at the camp, Lieutenant Hickey was counseling the inmate when the inmate stated loudly, "Fuck this bullshit, I've been down too long to put up with this! I've got a few years left to do and I'll take care of you when I get out!" After this threatening comment was made, the inmate was taken to the Special Housing Unit.

(# 1, Ex. 4). Lieutenant Hickey's statement stated:

> On 27 August 2005, at approximately 6:15 pm, inmate Sylvester Booker was escorted to the Lieutenant's Office from the FPC. Officer Cutright had attempted to informally resolve an incident with inmate Booker at the FPC but failed. As I attempted to informally resolve the issue inmate Booker turned to Officer Cutright and stated, fuck this shit, I've been down to[o] long to[o] put up with this, I'll take care of you when I get out. Based on the inmate[']s aggressive attitude he was placed in administrative detention pending incident report.

(# 1, Ex. 5).

After advising Petitioner that he could not call his two witnesses because they were incarcerated at the prison camp, the

DHO found Petitioner guilty of the Code 203 violation for "threatening another with bodily harm." The DHO dismissed the "insolence to a staff member" charge. The DHO stated that the evidence relied upon to find Petitioner guilty of the charged conduct was:

> the eye witness accounts of Officer M. Cutright, who provided a written statement describing the incident as cited above and directly quoting your threatening remarks to him. This was also witnessed by Lieutenant P. Hickey and Officer M. Toney, who provided written statements supporting and corroborating Officer Cutright's allegations against you, each of them specifically declaring that they heard you tell officer Cutright you would "take care of him" when you got out.

(# 1, Ex. 3 at 4). The DHO imposed a sanction of 30 days in disciplinary segregation and a loss of 27 days of good conduct time. (Id. at 5). Petitioner was advised of the DHO's ruling as well as his right to appeal the ruling in a written decision received by Petitioner on September 29, 2005. (Id.)

On October 14, 2005, Petitioner appealed the DHO's ruling to the Bureau of Prison's ("BOP") Mid-Atlantic Regional Office. On March 1, 2006, Petitioner's appeal was denied by the Regional Director. Her ruling stated:

> The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence it must be based on the greater weight of evidence. The DHO considered your denial of the charge and your witnesses' statements. The DHO found you committed the prohibited acts based on the greater weight of the evidence, which was reporting officer's eyewitness account of the incident. We find the DHO accurately and adequately stated in Section V of the DHO report the specific evidence relied on to find you committed the prohibited

5

act, and we find no need to elaborate further.

\* \* \*

> We find the required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense.

(# 1, Ex. 7C).

On March 29, 2006, Petitioner filed an appeal to the BOP's Central Office. That appeal was denied on June 27, 2006, stating:

> Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.
>
> \* \* \*
>
> Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed. Each of your Due Process rights were upheld during the discipline process. The greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

(# 1, Ex. 8A).

Petitioner filed the instant section 2241 petition on December 21, 2006, asserting that he was "denied Due Process when the Disciplinary Hearing Officer (DHO) found Petitioner guilty based on inadequate evidence to justify some evidence under <u>Superintendent</u>

v. Hill, 472 U.S. 455, 86 L. Ed.2d 356 (1985)." (# 1 at 7).

In Hill, which involved state prisoners incarcerated in Massachusetts who had been sanctioned by a loss of good time credit following disciplinary proceedings, the United States Supreme Court held that due process requirements with respect to the loss of good-time credits are met if there is "some evidence" to support the decision. 472 U.S. at 454. It should be noted, as well, that federal courts are not to review the accuracy of the disciplinary committee's findings of fact. See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). Therefore, such findings will not be disturbed unless they are wholly unsupported by the evidence, or are arbitrary and capricious.

Petitioner's petition asserts that Officer M. Toney's statement claims that Lieutenant Hickey, not Officer Cutright, was the person whom Petitioner threatened. However, while Officer Toney's statement does not specifically mention Officer Cutright, it is not inconsistent with the statements of Officer Cutright and Lieutenant Hickey. It merely states that Petitioner made the threatening statement.

According to Lieutenant Hickey's statement, Officer Cutright was present in his office, and Petitioner turned to Officer Cutright when he made the statement that is the basis of the disciplinary charge. Furthermore, all of the statements indicated that Petitioner made the same threatening statement.

Thus, in the instant case, there was certainly some evidence to support the DHO's finding of guilt and the imposition of the sanction of loss of good conduct credit. In fact, as noted throughout the disciplinary proceedings and appeals, the greater weight of the evidence supported the decision. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated a violation of his due process rights based upon the sufficiency of the evidence presented at his disciplinary hearing, which resulted in the loss of good conduct credit.

Petitioner also appears to be arguing that he was denied procedural due process during his disciplinary hearing, citing Wolff v. McDonnell, 418 U.S. 539. In Wolff, the Supreme Court established the minimum procedures that must be afforded to prisoners during disciplinary proceedings that may result in the loss of good time credit: the inmate must receive (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reason for the disciplinary action. 418 U.S. at 564-566.

Petitioner asserts that the written statement of the charge against him was insufficient because it failed to state the name of

the person Petitioner allegedly threatened. The incident report was drafted by Officer Cutright, who indicated that he felt threatened. The undersigned proposes that the presiding District Judge **FIND** that this was a sufficient notice to Petitioner of the charge that was brought against him, and comported with the requirements of Wolff.

Furthermore, to the extent that Petitioner may be asserting that his procedural due process rights were violated because he could not present his witnesses in person at the disciplinary hearing, that argument fails as well. The restriction of inmates housed at the prison camp from entering the medium security facility was consistent with institutional safety and correctional goals. Moreover, Petitioner was able to present his witnesses' statements during the hearing; however, the statements were not supportive of his version of the facts. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate any violation of his right to procedural due process as a result of his disciplinary proceedings.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (# 1).

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.

9

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

<u>   January 22, 2007   </u>
        Date

*Mary E. Stanley* (signature)
Mary E. Stanley
United States Magistrate Judge