## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

SYLVESTER BOOKER,

                Petitioner,

v.                                    CIVIL ACTION NO.  5:06-cv-01060

CHARLES T. FELTS,

                Respondent.

### MEMORANDUM OPINION

Pending before the Court is Petitioner's Application under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Docket 1].  By Standing Order entered on August 1, 2006, and filed in this case on December 21, 2006, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge Stanley filed her PF&R on January 22, 2007 [Docket 6].  In that filing, the magistrate judge recommended that this Court deny Petitioner's application [Docket 1], and remove this matter from the Court's docket.

### I.  BACKGROUND

The PF&R sets forth in detail the relevant facts involved in this case, and the Court incorporates by reference those facts.  In short, on August 27, 2005, Petitioner, who at that time was an inmate at the Federal Correctional Institution in Beckley, West Virginia (FCI Beckley),[1] was involved in a disagreement with Officer M. Cutright during a search of Petitioner's living area when

---

[1]  According to the Federal Bureau of Prisons (BOP) website, Petitioner is now incarcerated at the United States Penitentiary in Atlanta, Georgia.

Officer Cutright discovered contraband that belonged to Petitioner.  Petitioner claims that Officer Cutright verbally assaulted him, inexplicably removed him from FCI Beckley's minimum security camp, took him inside the secure perimeter of the medium security facility at FCI Beckley, escorted him to the lieutenant's office, strip searched him in a bathroom, and then left him in the Special Housing Unit (SHU) pending an administrative hearing.[2]

Contrary to Petitioner's account, three officers at FCI Beckley, including Officer Cutright, provided written statements that Officer Cutright attempted to resolve a dispute with Petitioner informally when Petitioner told him, "I've been down too long to put up with this! I've got a few years left to do and I'll take care of you when I get out!"  (Docket 1-3 at 7; *see also id.* at 8; *id.* at 1.)  Petitioner claims that the officers are lying.

As a result of the disagreement and alleged threat, Petitioner was charged with violations of Code 203 and 312 -- threatening another with bodily harm and insolence toward a staff member. Petitioner appeared before the Disciplinary Hearing Officer (DHO) and was found guilty of the Code 203 violation for threatening another with bodily harm.[3]  The DHO sentenced Petitioner to thirty days disciplinary segregation and twenty-seven days loss of good conduct.  The evidence relied upon by the DHO to find Petitioner guilty included:

> [T]he eye witness accounts of Officer M. Cutright, who provided a written statement describing the incident as cited above and directly quoting your threatening remarks to him.  This was also witnessed by Lieutenant P. Hickey and Officer M. Toney, who provided written statements supporting and corroborating Officer Cutright's

---

[2]  Petitioner's version of the events is not entirely clear.  Suffice it to say, Petitioner claims that he was taken from the camp to the lieutenant's office, then to SHU, and at some point strip searched in a bathroom, possibly multiple times.

[3]  The DHO dismissed the other charge.

2

allegations against you, each of them specifically declaring that they heard you tell [O]fficer Cutright you would "take care of him" when you got out.

(Docket 1-3 at 5.)

Petitioner requested two other inmates testify on his behalf at the hearing: Lavander Duncan and Victor Pacheo.  For security reasons, however, the inmates were unable to testify in person, but did provide written statements.  Neither inmate confirmed Petitioner's accusation that Officer Cutright verbally assaulted him at the camp.

After Petitioner appealed the DHO's decision unsuccessfully, he filed the instant § 2241 petition asserting that he was denied due process when the DHO found him guilty based on inadequate evidence and sentenced him to loss of good conduct credit under *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985). (*See* Docket 1 at 7.)

## II.  THE PF&R

In her PF&R, Magistrate Judge Stanley recommended that this Court find that Petitioner has not demonstrated a violation of his due process rights based upon the sufficiency of the evidence presented at his disciplinary hearing.  Further, the magistrate judge proposed that this Court find that Petitioner was given sufficient notice of the charge brought against him and the prison complied with the requirements of *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).  Also, the magistrate judge proposed that this Court find that Petitioner failed to demonstrate any violation of his right to procedural due process as a result of his disciplinary proceedings.  For those reasons, Magistrate Judge Stanley recommended that Petitioner's § 2241 petition be denied.

## III.  STANDARD OF REVIEW

3

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Here, objections to Magistrate Judge Stanley's PF&R were due by February 8, 2007. Although Petitioner's objections were filed on February 9, 2007, because he signed and delivered his objections for forwarding on January 27, they are considered timely.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (documents filed by *pro se* prisoners are considered filed the day they are delivered to prison officials for forwarding to the Court).

### IV.  OBJECTIONS TO THE PF&R

Petitioner makes three objections to the PF&R.  Petitioner does not, however, object to the magistrate judge's proposed finding that he was given sufficient notice of the charge brought against him.  Accordingly, because there is no objection to that recommendation, the Court **DISMISSES** any claim based on those allegations.  *See Thomas*, 474 U.S. at 150.

### A.    *Petitioner's First and Third Objection*s

Petitioner's first objection is that based on the events that took place in his assigned living area, he should have only been charged with possession of contraband, resulting in a loss of privileges at the most.  He states that Officer Cutright had no reason to escort him from the camp

to the medium security facility at FCI Beckley.  He claims that there is no explanation as to why he was removed from the camp and argues that the officer's actions did not comply with BOP policy.

In his petition, Petitioner states that he and Officer Cutright were involved in an argument in his living area, which is where he alleges that Officer Cutright verbally assaulted him.  However, that position was not supported by Petitioner's witnesses because neither inmate confirmed Petitioner's accusations.  (*See* Docket 1-3 at 3-4.)  Rather, Officer Cutright's incident report states that while in the lietunant's office "trying to informally resolve an incident with [I]nmate Booker . . . [,] Inmate Booker in a very aggressive and loud voice state 'Fuck this, I have been down to[o] long and have to[o] much time to put up with this shit.  I have five more years and I'll take care of you when I get out.[']"  (Docket 1-3 at 1.)   Based on this evidence, it appears that there was some sort of verbal altercation that occurred at the camp, which prompted Officer Cutright to take Petitioner to the lietunant's office where the threat occurred.  Nevertheless, the reason why Petitioner was taken from the camp is irrelevant to determining whether or not he threatened Officer Cutright.

Petitioner's objection has nothing to do with the issue in this case: whether there was "some evidence" to support the DHO's decision to sanction Petitioner based on his threat to Officer Cutright.  *See Hill*, 472 U.S. at 455.  "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced."  *Id*. at 455 (citations and internal quotation marks omitted).  In other words, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id*. at 455-56.  Given the evidence in the record, the DHO's

5

decision certainly meets the requirements of due process because it was supported by three officers'
written statements and there was no contradictory evidence besides Petitioner's testimony. The
officers' statements are "some evidence" that Petitioner threatened Officer Cutright. This Court will
not re-litigate issues of credibility decided by the DHO. *See Kelly v. Cooper*, 502 F. Supp. 1371,
1376 (1980) ("However, the Court does not sit to review the factual findings of prison disciplinary
committees."). Accordingly, Petitioner's first objection is **OVERRULED**.

Similarly, Petitioner's third objection is to the magistrate judge's proposed factual finding
that he was escorted to, and questioned in, the lieutenant's office. (Docket 7 at 3.) Not only is this
objection irrelevant, but it is also arguably contradictory to his own allegations because Plaintiff
alleged that he was taken to the lieutenant's office in his habeas application. Specifically, Petitioner
stated: "Officer Cutright contacted P. Hickey, Operations Lieutenant and escorted Petitioner to the
*Lieutenant's Office* inside the secure perimeter of FCI Beckley." (Docket 1-2 at 2) (emphasis
added.) Thus, the Court finds no error in the magistrate judge's factual finding, and furthermore,
because Plaintiff's objection has no impact on the resolution of this case, it is also **OVERRULED**.

B.    *Petitioner's Second Objection*

Petitioner objects to the DHO's use of the witness statements of inmates Duncan and Pacheo
because the events that allegedly gave rise to his disciplinary action took place out of their presence.
This appears to be an objection to the magistrate judge's proposed finding that Petitioner failed to
demonstrate any violation of his right to procedural due process as a result of his disciplinary
proceedings.

Despite Petitioner's claim that their testimony is irrelevant, the witnesses' statements
contradict his claim that Officer Cutright verbally assaulted him inside his living area. Furthermore,

6

it was Petitioner who requested them as witnesses. Including the inmates' statements did not violate Petitioner's due process rights. Had the prison officials ignored his request to have Duncan and Pacheo give their version of the events, Petitioner may have also claimed that his due process rights were violated. Moreover, their statements further prove that Petitioner's version of the events is not believable. Therefore, Petitioner's second objection is likewise **OVERRULED**.

## *V. CONCLUSION*

For the reasons stated above, the Court **ADOPTS** the PF&R [Docket 6], **OVERRULES** Petitioner's Objections [Docket 7], **DENIES** Petitioner's § 2241 Petition for Writ of Habeas Corpus [Docket 1], and **DENIES** Petitioner's Application to Proceed Without Prepayment of Fees [Docket 2]. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER:      July 17, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

7